**FILED**

July 08, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
          D. Trujillo
                                    DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, § | **FIRST SUPERSEDING INDICTMENT** |
| § | |
| Plaintiff, § | **CRIMINAL NO: EP-25-CR-02176-DB** |
| § | |
| v. § | |
| § | **CT 1-2:** 18 U.S.C. § 794(a) - Illegal Attempt |
| § | to Transmit National Defense Information to a |
| **TAYLOR ADAM LEE,** § | Foreign Government; |
| § | |
| Defendant. § | |
| § | **CT 3-5:** 22 U.S.C. §§ 2778(b), 2778(c) and 22 |
| § | C.F.R. §§ 123.1, 127.1(a), 127.1(e) - Illegal |
| § | Attempt to Export Defense Articles and |
| § | Technical Information; |
| § | |
| § | ***Notice of Government's Demand for*** |
| § | ***Forfeiture*** |
| § | |
| § | |

THE GRAND JURY CHARGES:

## COUNT ONE

Beginning on or about May 1, 2025, and continuing through on or about August 6, 2025, in the Western District of Texas and elsewhere, Defendant,

**TAYLOR ADAM LEE,**

with the intent and reason to believe that it was to be used to the injury of the United States and to the advantage of a foreign government, did knowingly and unlawfully attempt to communicate, deliver, and transmit, to representatives of a foreign government, that is, the Government of the Russian Federation, documents, writings, code books, signal books, sketches, photographs, photographic negatives, blueprints, plans, maps, models, notes, instruments, appliances, and information relating to the national defense of the United States, to wit: components of the Joint

Battle Command-Platform ("JBC-P"), a networked battle command information system.

All in violation of Title 18, United States Code, Section 794(a).

## COUNT TWO

Beginning on or about May 1, 2025, and continuing through on or about August 6, 2025, in the Western District of Texas and elsewhere, Defendant,

**TAYLOR ADAM LEE,**

with the intent and reason to believe that it was to be used to the injury of the United States and to the advantage of a foreign government, did knowingly and unlawfully attempt to communicate, deliver, and transmit, via messages sent on an encrypted messaging application and via passage of an SD card containing electronic files, to representatives of a foreign government, that is, the Government of the Russian Federation, documents, writings, code books, signal books, sketches, photographs, photographic negatives, blueprints, plans, maps, models, notes, instruments, appliances, and information relating to the national defense of the United States, to wit: official U.S. Army field maintenance, operator, and technical manuals for several military platforms and weapon systems, as well as official U.S. Army manuals relating to tactics, techniques, and procedures for arms mobility and airspace control.

All in violation of Title 18, United States Code, Section 794(a).

## COUNT THREE

Beginning on or about May 1, 2025, and continuing through on or about August 6, 2025, in the Western District of Texas and elsewhere, Defendant,

**TAYLOR ADAM LEE,**

knowingly and willfully attempted to export, via messages sent on an encrypted messaging application, from the United States one or more defense articles, including technical data, to wit:

2

official U.S. Army operator and technical manuals for the M1A2 Abrams Main Battle Tank, which were designated on the U.S. Munitions List, without first having obtained a license or written approval for such export from the United States Department of State, Directorate of Defense Trade Controls.

All in violation of Title 22, United States Code §§ 2778(b)(2), (c) and 22 C.F.R. §§ 123.1, 127.1(a), 127.1(e).

### COUNT FOUR

Beginning on or about May 1, 2025, and continuing through on or about August 6, 2025, in the Western District of Texas and elsewhere, Defendant,

### TAYLOR ADAM LEE,

knowingly and willfully attempted to export from the United States one or more defense articles, to wit:  a component of the Joint Battle Command-Platform ("JBC-P"), a networked battle command information system, which was designated on the U.S. Munitions List, without first having obtained a license or written approval for such export from the United States Department of State, Directorate of Defense Trade Controls.

All in violation of Title 22, United States Code §§ 2778(b)(2), (c) and 22 C.F.R. §§ 123.1, 127.1(a), 127.1(e).

### COUNT FIVE

Beginning on or about May 1, 2025, and continuing through on or about August 6, 2025, in the Western District of Texas and elsewhere, Defendant,

### TAYLOR ADAM LEE,

knowingly and willfully attempted to export from the United States, via passage of an SD card containing electronic files, one or more defense articles, including technical data, to wit: official

U.S. Army field maintenance, operator, and technical manuals for several military platforms and weapon systems, including, *inter alia*, the M153 Common Remotely Operated Weapon Station (CROWS), the caliber .50 Machine Gun, the M1A1 Tank Urban Survivability Kit (TUSK), and the Javelin Weapon System, which were designated on the U.S. Munitions List, without first having obtained a license or written approval for such export from the United States Department of State, Directorate of Defense Trade Controls.

All in violation of Title 22, United States Code §§ 2778(b)(2), (c) and 22 C.F.R. §§ 123.1, 127.1(a), 127.1(e).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Attempt to Transmit National Defense Information to a Foreign Government Violation and Forfeiture Statutes
[Title 18 U.S.C. § 794(a), subject to forfeiture pursuant to Title 18 U.S.C. §§ 794(d)(1)(A) and (d)(1)(B)]

As a result of the criminal violations set forth above, the United States gives notice to Defendant **TAYLOR ADAM LEE** of its intent to seek the forfeiture of certain property upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. §§ 794(d)(1)(A) and (d)(1)(B), which state:

**Title 18 U.S.C. § 794. Criminal Forfeitures**
**(d)(1)** Any person convicted of a violation of this section shall forfeit to the United States irrespective of any provision of State Law--
**(A)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
**(B)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

### II.
### Attempt to Export of Defense Articles and Technical Information Violation and Forfeiture Statutes

4

**[Title 22 U.S.C. §§ 2778(b)(2) and (c), subject to forfeiture pursuant to
Title 22 U.S.C. § 401 and Title 18 U.S.C. § 981(a)(1)(C), as made applicable to
criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth above, the United States gives Notice to Defendant **TAYLOR ADAM LEE** of its intent to seek forfeiture of certain property upon conviction and as part of sentencing pursuant to Fed. R. Crim. P. 32.2 and Title 22 U.S.C. § 401 and Title 18 U.S.C. §§ 981(a)(1)(C), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state in pertinent part:

**Title 22 U.S.C. § 401. Illegal Exportation of War Material**
* * *

Whenever an attempt is made to export or ship from or take out of the United States any arms or munitions of war or other articles in violation of law, or whenever it is known or there shall be probable cause to believe that any arms or munitions of war or other articles are intended to be or are being or have been exported or removed from the United States in violation of law, the Secretary of the Treasury, or any person duly authorized for the purpose by the President, may seize and detain such arms or munitions of war or other articles and may seize and detain any vessel, vehicle, or aircraft containing the same or which has been or is being used in exporting or attempting to export such arms or munitions of war or other articles. The Secretary of Commerce may seize and detain any commodity (other than arms or munitions of war) or technology which is intended to be or is being exported in violation of laws governing such exports and may seize and detain any vessel, vehicle, or aircraft containing the same or which has been used or is being used in exporting or attempting to export such articles. All arms or munitions of war and other articles, vessels, vehicles, and aircraft seized pursuant to this subsection shall be forfeited.

**Title 18 U.S.C. § 981. Civil Forfeiture**
(a)(1) The following property is subject to forfeiture to the United States:
* * *
(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Title 22 U.S.C. § 2778(b)(2) is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

5

This Notice of Demand of Forfeiture includes but is not limited to the money judgment described in Paragraph III.

### III.
### Money Judgment

A sum of money that represents the amount of proceeds obtained by the Defendant, directly or indirectly, as a result of the offenses set forth above, and the value of property used to facilitate, or intended to be used to facilitate the commission of the offense, for which Defendant **TAYLOR ADAM LEE** is solely liable.

### Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third person;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 18 U.S.C. § 794, of any other property of said Defendant up to the value of the forfeitable property.

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

BY: _____
Assistant U.S. Attorney

6